### *Ex parte* WM. WESTMORELAND.

No. A-232.   Opinion Filed July 27, 1909.

(103 Pac. 370.)

1.   BAIL—Jurisdiction to Admit to Bail in Capital Cases.  A justice of the peace is without authority of law to admit to bail upon arrests in criminal cases where the punishment may be death.

2.   BAIL—Bailable Offenses.  Under section 8, art. 2, of the Constitution, persons charged with capital offenses are bailable by suf-

ficient sureties, except when the proof of guilt is evident or the presumption thereof is great.

(Syllabus by the Court.)

Petition by William Westmoreland for writ of *habeas corpus.* Petitioner admitted to bail.

The petitioner, William Westmoreland, files his petition, properly verified, praying for a writ of *habeas corpus,* and alleges that he is confined and being illegally restrained by Thomas M. Latham, sheriff of Texas county, Okla., by virtue of a certain warrant issued on the 19th day of June, 1909, by J. R. Wharton, justice of the peace of Guymon township, Texas county, Okla., charging him with the commission of a crime of murder. He alleges the facts to be that prior to the issuance of the warrant, by virtue of which he is now restrained, the said J. R. Wharton issued a warrant on proper information filed before him, charging this petitioner with the crime of murder, and that by virtue of said warrant he was taken before the said J. R. Wharton, justice of the peace, and given a preliminary hearing, and on said hearing bound over to await the action of the district court, and was by the said J. R. Wharton, justice of the peace, admitted to bail in the sum of $10,000, which bail he had made, with good and sufficient sureties; that on approving said bail the said justice ordered the said Thomas M. Latham, sheriff of Texas county, to release him from custody, and that in obedience to said order he was released; that a short time thereafter on the same day the said justice issued the warrant under which petitioner is now restrained, said warrant being based on the original information filed before him, and charging the petitioner with the offense on which he had been given a preliminary hearing. The petitioner prays that he be discharged from custody, or, in the event this court is of the opinion that the justice of the peace acted without authority in admitting him to bail, that this court proceed to examine as to the facts relating to the charge against him, and that he be admitted to bail in such sum as this

2 Cr.—33

court deems proper. The attorneys for petitioner waive his appearance at this hearing. The sheriff files his answer, admitting the facts set forth .in the petition as substantially correct.

In support of the petition there was filed the following agreed statement of facts, signed by the attorneys for petitioner and the county attorney, to wit:

"Now come Wallace G. Hughes, county attorney of Texas county, Oklahoma, and Wiley & Harris, who represent the defendant, and agree that the evidence in this case will show that the homicide took place at the home of the defendant in the town of Guymon, and that defendant was at his home sick in bed, and the deceased came to the home of the defendant and attempted to get into the home of the defendant through a window, and had taken down the wire screening on said window in his efforts to enter the home of the defendant; that, failing to get into the home of the defendant through the window, the deceased then went around to the back door of the home of the defendant and attempted to enter said door, when the defendant fired the fatal shot, and that the deceased was mortally wounded and died on the porch of the defendant; and the evidence will further show that the defendant is a small man, and the deceased was a large, strong man, and that the county attorney has failed to find any testimony contradicting this evidence, and believes that the above testimony is true and that on this basis he recommended to the justice of the peace who held the preliminary trial that defendant be admitted to bail in the sum of $10,000."

*Wiley & Harris,* for petitioner.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for the State.

OWEN, JUDGE. (after stating the facts as above). The only question to be determined in this case is: Did the justice of the peace act without authority in admitting the petitioner to bail after binding him over to await the action of the district court? Section 8 of article 2 of the Constitution of the state of Oklahoma is as follows:

"All persons shall be bailable by sufficient sureties, except

for capital offenses when the proof of guilt is evident, or the presumption thereof is great."

There is no provision in the Constitution as to what court or officer shall admit to bail. Section 5770, Wilson's Rev. & Ann. St. Okla. 1903, provides:

"Bail, by sufficient sureties, may be admitted upon all arrests in criminal cases where the punishment may be death, unless the proof is evident or the presumption great; and in such cases it shall be taken only by the Supreme Court or a district court, or by a justice or judge thereof. * * * "

It is clear, from reading this section, that the justice of the peace, in admitting the petitioner to bail, acted without authority. The justice acted within his power and jurisdiction when he issued the second warrant on the original information, and directed that the defendant be again taken into custody by the sheriff.

On considering the agreed statement of facts in this case, this court is of the opinion that under section 8, art 2, of the Constitution, above set out, the petitioner should be admitted to bail, and this court fixes the amount of the bail in the sum of $10,000, to be approved by the sheriff of Texas county, Okla. It is therefore ordered by this court that a mandate issue to the proper authorities of Texas county, Okla., admitting the petitioner to bail in the sum aforesaid.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.